JASON KULLER
Of Counsel
Nevada Bar No. 12244
**RAFII & ASSOCIATES, P.C.**
1120 N. Town Center Dr., Suite 130
Las Vegas, Nevada 89144
Telephone: 725.245.6056
Facsimile: 725.220.1802
Email: jason@rafiilaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHELLE PEREDIA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KANE & MYERS, PLLC, d/b/a and a/k/a THE702FIRM; MICHAEL KANE, an individual; BRADLEY MYERS, an individual; JOEL HENGSTLER, an individual; TAMARA HARLESS, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-02132-APG-MDC<br><br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY** |

Plaintiff Michelle Peredia ("Plaintiff"), by and through her attorneys of record, the law firm of Raffi & Associates, P.C., hereby opposes Defendants' Motion to Stay Discovery Pending This Court's Determination of its Subject Matter Jurisdiction (hereinafter "Motion to Stay" or "Motion").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Look, the cat is out of the bag. We all know Defendants are liable. How do we know? — They sent Plaintiff a check at the mere mention of a lawsuit. Which is why Defendants are now terrified of answering Plaintiff's Complaint (which would require admitting liability) and engaging in discovery (which would require exposing the full extent of damages). Ironically, in their pursuit of a "just, speedy, and inexpensive determination" of Plaintiff's claims (Motion at 4, *l*.14), Defendants would rather present the Court with two expensive, time-wasting motions:  First their

1

motion to dismiss, and now their Motion to Stay. Yet Defendants' Motion is not about justice or efficiency or even subject matter jurisdiction – it is about throwing up yet another procedural roadblock to the truth of Defendants' liability.

Plaintiff offered to agree to a discovery stay if Defendants would agree to preserve the *status quo* by a tolling agreement. (Motion at 4, *ll*.4-5.) Defendants rejected Plaintiff's offer, contending that tolling the limitations period would prejudice Defendants when in fact the opposite is true: **Not** tolling the limitations period during any stay would prejudice Plaintiff and putative class members.

As presently demonstrated, the Court's subject matter jurisdiction is not in doubt. Plaintiff's claims are not moot. Far from being dispositive, Defendants' motion to dismiss is a futile tender all its own. Ultimately, Defendants cannot prevail on their Motion because they cannot make the three-part showing required by *Kor Media Group, LLC v. Green,* 294 F.R.D. 579 (D. Nev. 2013) – the legal standard on which they rely. Discovery could not be stayed in *Kor Media,* and it cannot be stayed here.

## II. LEGAL STANDARD

"It is well-established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011); *see also Flynn v. Nevada*, --- F.R.D. ----, 2:22-cv-01753-JAD-NJK, at *8 (D. Nev. Jan. 3, 2023) (same). As acknowledged by Defendants' Motion, *Kor Media* sets forth the following stringent three-part test: *"*(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." 294 F.R.D. at 581. In the words of the *Kor* court:

> That standard is not easily met. Generally, there must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort. Absent extraordinary circumstances, litigation should not be delayed simply because a non-frivolous motion has been filed.

*Id.* at 584 (emphasis in original) (internal quotation omitted).

Defendants lead this Court into error when they propose, as an alternative to the strict *Kor*

test, that courts may also use the "good cause" standard in determining whether a discovery stay is appropriate. (*See* Motion at 5, ll.1-9.) Defendants' approach was discussed and expressly rejected in *Flynn:* "Such a suggestion would be wrong. The preliminary peek framework is the good cause analysis for a protective order to stay discovery issued pursuant to Rule 26(c) of the Federal Rules of Civil Procedure." *Id.* at *9 n.13.

## III. LEGAL ARGUMENT

### A. Defendants' Pending Motion to Dismiss Is Not Dispositive Because Plaintiff's Claims Are Not Moot.

Defendants legal argument is nothing but a rehash of their Motion to Dismiss and, just like that motion, must also be rejected. As explained by Plaintiff's opposition, Defendants' Motion to dismiss is premised on a novel "tender futility" doctrine that has no application to this case or Ms. Peredia's claims. *See* Plaintiff's Opposition to Defendants Motion to Dismiss ["MTD Opp."] at section III.B. Nor does Defendants' mootness argument address controlling Supreme Court precedent that an unaccepted settlement offer cannot moot an individual's claim or class claims. *See Campbell-Ewald v. Gomez*, 577 U.S. 153, 163 (2016), cited in MTD Opp. at 9-10. Indeed, Defendants' mootness argument has also been squarely rejected by the Fourth and Tenth Circuits. *See Simmons v. United Mortgage & Loan Investment, LLC*, 634 F.3d 754 (4th Cir. 2011) (rejecting Defendants' attempt to decapitate a class action with less than full Rule 68 offer of judgment); *Lucero v. Bureau of Collection Recovery*, 639 F.3d 1239, 1249 (10th Cir. 2011) (holding that "a nascent interest attaches to the proposed class upon the filing of a class complaint such that a rejected offer of judgment for statutory damages and costs made to a named plaintiff does not render the case moot under Article III.")

Without the "tender futility" theory and the "mootness" theory, Defendants have no arguments in support of their Motion to Dismiss. Defendants have not proved by "preliminary peek" that their potentially dispositive motion will prevail, and have not even approached the higher standard of removing all doubt from this Court's mind that the Defendants will prevail. *See Flynn* at *8 (emphasis added).

/ / /

### B. Additional Discovery Would Be Required for the Court to Rule "Dispositively" On Defendants' Motion to Dismiss-Cum-Summary Judgment.

Even if Defendants' Motion to Dismiss were potentially dispositive, that would not settle the discovery stay issue. Under the second prong of *Kor Media*, Defendants' Motion for Stay cannot be granted unless the potentially dispositive motion can be decided without additional discovery. 294 F.R.D. at 581. Here, Defendants' Motion to Dismiss relies on extrinsic evidence to "prove" the mootness of Plaintiffs' claims. *See* Plaintiff's MTD Opp. at section III.C. This means one of two things: either (1) the Court declines to look at Defendants' extrinsic evidence and thus rejects Defendants' dismissal motion, or (2) the Court considers Defendants' extrinsic evidence, which converts Defendants' dismissal motion into a summary judgment motion under Rule 56, thereby requiring additional discovery by Plaintiff. *See* Rule 56(f), Fed. R. Civ. P.; *see also* Declaration of Jason Kuller in Support of Plaintiff's MTD Opp. ["Kuller Decl."] at ¶¶ 15-16 (setting forth discoverable facts needed to oppose Defendants' summary judgment motion if extrinsic evidence is considered).

In either of these two instances, Defendants' Motion for Stay necessarily fails: In the first instance, Defendants' Motion to Dismiss is not dispositive; in the second instance, additional discovery is required per the second prong of *Kor Media*. Accordingly, to the extent Defendant's dismissal motion is potentially dispositive, Defendants' Motion for Stay still fails under the second prong of *Kor Media*. This second prong serves to ensure that claims are not prematurely dismissed when discovery would fairly resolve the issue or issues involved. In *Khoja v. Orexigen Therapeutics, Inc.*, the Ninth Circuit pointed out the danger of premature dismissal: "[T]he unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." 899 F.3d 988, 989 (2018). Such would be the result here if the Court granted Defendants Motion for Stay and also denied Plaintiff the opportunity for discovery on Defendants' dismissal motion.

### C. The Only Reason for Defendants to Reject Tolling Is to Prejudice Plaintiff's Claims and Minimize Their Liability.

As mentioned, Defendants rejected Plaintiff's offer to stay discovery if the parties also agreed to toll the statute of limitations pending the Court's ruling on Defendants' dismissal motion.

4

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY

Defendants now nakedly assert that they should not have to forfeit their statute of limitations defense to obtain a stay of discovery. Defendants however do not have a statute of limitations defense. Defendants have not answered the complaint with a statute of limitations defense, nor have they moved to dismiss based on any statute of limitations. Defendants guard against an illusory harm to themselves and ignore the fact that the only litigants hurt by Defendants' delays in this action are putative class and collective members whose claims would be irrevocably prejudiced by any stay unless a tolling agreement or an order of equitable tolling were in place. *See, e.g., Small v. Univ. Med. Ctr.*, No. 2:13-cv-00298-APG-PAL, at *6 (D. Nev. June 14, 2013) (tolling statute of limitations).

## IV.   CONCLUSION

Defendants have not carried their heavy burden of making the strong showing required to stay discovery. Accordingly, Defendants Motion for Stay must be denied. Strictly in the alternative, should the Court order a discovery stay pending resolution of Defendants' dismissal motion, Plaintiff respectfully requests a coextensive order of equitable tolling.

DATED: February 20, 2024

**RAFII & ASSOCIATES, P.C.**

*/s/ Jason Kuller*
Jason Kuller
Of Counsel
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the date shown file stamped on this pleading, I served a copy of the foregoing pleading via electronic service in accordance with the Court's order and Local Rules and that it was served on all parties registered with the Court's CM/ECF system of electronic service.

                                             /s/ Jason J. Kuller
                                             Jason Kuller