UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHELLE PEREDIA, | Case No.: 2:23-cv-02132-APG-MDC |
| Plaintiff | **Order Denying Defendant's Motion to Dismiss and Denying Plaintiff's Motion to Strike** |
| v. | |
| KANE & MYERS, PLLC, et al., | [ECF Nos. 43, 48] |
| Defendants | |

Michelle Peredia brings a proposed class action against her former employer Kane & Myers, PLLC[1] and four of its employees for claims arising from the firm allegedly not paying her or her co-workers overtime. Peredia asserts state law claims for failure to pay overtime, wages, minimum wages, and wages due at separation. She also asserts claims under the Fair Labor Standards Act (FLSA) for failure to pay overtime and failure to pay minimum wages. Kane & Myers moves to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that Peredia's claims are moot because it tendered checks to her in the amount of the unpaid overtime before she filed her complaint.[2]

I held a hearing on Kane & Myers' motion to dismiss and ordered limited discovery to determine whether the amount Kane & Myers tendered was sufficient to moot Peredia's claims. ECF No. 32 at 51. The discovery and scheduling order reinstated briefing on mootness and allowed the parties to file simultaneous briefs followed by one responsive brief for each party. ECF No. 42 at 2. Kane & Myers filed its opening brief as a renewed motion to dismiss and

---

[1] Kane & Myers PLLC is also known as "The 702 Firm."

[2] Kane & Myers articulates its mootness theory under the tender futility doctrine. I interpret the arguments at issue to simply be about mootness and do not reach the applicability of the futility doctrine.

Peredia filed her opening brief as a supplement to her opposition to the original motion to dismiss. Peredia then moved to strike Kane & Myers' renewed motion to dismiss because the motion would have allowed it an additional reply. Alternatively, she requested I allow her a surreply.

I deny Peredia's motion to strike because I treat Kane & Myers' renewed motion to dismiss as a supplement to its original motion to dismiss. I deny Kane & Myers' motion to dismiss under Rule 12(b)(1) because Peredia has raised genuine issues of material fact that the amount she received from Kane & Myers was insufficient to moot her claims.

I.  BACKGROUND

The parties are familiar with the facts, so I repeat them only as necessary to resolve the pending motions. Peredia worked as a paralegal and litigation assistant at Kane & Myers from November 2021 to February 2023. ECF Nos. 44-1 at 1-2, 6; 44-2 at 130. She states the following: she regularly worked overtime, but did not receive overtime pay because Kane & Myers misclassified her as exempt. ECF No. 44-1 at 2. She clocked in and out, but Kane & Myers paid her a salary and did not use the time records to calculate payroll. *Id.* She could not clock in from home, and the recorded time did not include the "boot up" time necessary to log in to the computer and open the time-keeping software. *Id.* at 2-3. Because of this, the time sheets did not accurately reflect the total time that employees worked. *Id.*

On September 29, 2022, Peredia clocked out at 8:15 PM. ECF No. 44-2 at 88. She continued working to help Gloria Pacheco, a co-worker, prepare for an upcoming trial by sending the defendant's social media posts to an attorney. ECF Nos. 44-1 at 4; 44-2 at 101-102. She texted Pacheco at 9:44 p.m., saying, "I just found that he has like 5 other facebooks should I

send that too." ECF No. 44-2 at 102.  Pacheco responded "Yes," and Peredia replied, "Ok I'll send the other ones then.  Hopefully it is him lol." *Id.*

On one occasion, Peredia received two $50 gift cards "to make up for" 7.68 hours of overtime. ECF Nos. 44-1 at 5; 44-2 at 108.  She also participated in the firm's quarterly bonus program that determined bonuses "by the success of the team as a whole." ECF Nos. 44-2 at 113; 44-1 at 5.  The program calculated bonuses for support staff as an even split of 20% of two attorneys' bonuses. ECF No. 44-2 at 113.  Peredia earned a total of $10,539.33 in bonuses. ECF Nos. 44-1 at 5-6; 44-2 at 118-24.

On May 17, 2023, Peredia notified Kane & Myers of her intent to file a class action on behalf of herself and her coworkers to recover unpaid overtime pay. ECF No. 6-2.  Kane & Myers responded with a letter enclosing two checks: one for $3,254.80[3] as compensation for unpaid overtime and one for $5,302.85 to cover interest and penalties. ECF No. 6-3.  Peredia refused the checks, arguing they were insufficient because they did not account for boot up time, bonuses, attorney fees,[4] and overtime from September 29, 2022. ECF No. 6-4.

Based on her allegations, Peredia filed this lawsuit.  Kane & Myers now moves to dismiss the suit, arguing its checks served as full tender for her claims.

## II.     ANALYSIS

### A.  I deny Peredia's motion to strike as moot.

The discovery and scheduling order reinstated briefing on mootness and allowed the parties to file simultaneous briefs followed by one responsive brief for each party. ECF No. 42 at

---

[3] The face amount of the check is $2,587.43 due to social security, Medicare, and federal tax withholdings. ECF No. 6-3 at 2.  The gross amount for the payment was $3,254.80. *Id.*

[4] At the hearing, I dismissed Peredia's claim under Nevada Revised Statutes § 608.140 for pre-litigation attorney fees. ECF No. 32 at 50.

3

2. Kane & Myers filed its opening brief as a renewed motion to dismiss. ECF No. 43. Peredia moves to strike, arguing that because Kane & Myers filed a motion and not a brief, it would get an extra reply to her response. I treat Kane & Myers' renewed motion to dismiss as a supplement to its original motion to dismiss. Kane & Myers did not file a reply to Peredia's response. Peredia was therefore not prejudiced by Kane & Myers styling its supplement as a renewed motion to dismiss. I thus deny Peredia's motion to strike as moot.

### B. I deny Kane & Myers' Rule 12(b)(1) motion to dismiss because there are genuine issues of material fact regarding the overtime pay amount.

Mootness pertains to subject-matter jurisdiction and is properly raised in a motion to dismiss under Rule 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Kane & Myers asserts a factual attack as to whether it tendered the correct amount, so I may review evidence beyond the complaint and I do not need to presume the truthfulness of Peredia's allegations. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where, as here, "the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits," I employ a summary judgment standard. *Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005) (quotation omitted).

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The

burden then shifts to the nonmoving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the nonmoving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

"A case is moot if no present controversy exists on which the court can grant relief." *Berry v. Air Force Cent. Welfare Fund*, 115 F.4th 948, 952 (9th Cir. 2024) (quotation omitted). "A claim for damages is generally live if any amount, however small, is still in dispute." *Id.* A case becomes moot "if the plaintiff actually receives all of the relief to which he or she is entitled on the claim." *Id.* (quotation omitted). Accordingly, Kane & Myers must show there is no genuine dispute that Peredia received all the relief to which her claims entitle her.

### 1. Kane & Myers did not factor boot up time into the overtime payment.

Where a computer is integral and indispensable to an employee's principal duties, time spent booting up computers is compensable under the FLSA. *Cadena v. Customer Connexx LLC*, 51 F.4th 831, 840 (9th Cir. 2022). The parties do not dispute that a computer was integral to Peredia's duties. Kane & Myers argues it tendered the correct overtime amount of $3,254.80.[5] While it does not explain how it calculated that amount, it apparently used the clock in and clock out records, which do not include boot up time.[6] ECF No. 44-3 at 6-7. Peredia has not estimated

---

[5] Kane & Myers calculated that Peredia earned $3,254.89 in gross overtime pay, yet the overtime check was only for $3,254.80, which is nine cents short. ECF Nos. 44-3 at 6-7; 6-3 at 1-2. This alone creates a genuine issue of fact that its payment was insufficient.

[6] Kane & Myers states, "comparing Plaintiff's time sheets with the calculated overtime and the paid tender check shows that every hour of substantiated overtime work was paid by Defendant." (cleaned up). ECF No. 43 at 8.

5

how much boot up time she is owed, but Kane & Myers has not shown that it compensated her for any boot up time.  Viewing the facts in the light most favorable to Peredia, there is a genuine issue of material fact that Kane & Myers' overtime payment did not include boot up time and was therefore insufficient.

> 2. <u>Text messages on September 29, 2022 indicate Peredia kept working after clocking out.</u>

On September 29, 2022, Peredia helped Pacheco review a defendant's social media pages in preparation for trial. ECF No. 44-1 at 4.  The parties do not dispute that trial preparation is a principal activity of a paralegal that qualifies as compensable work.

Kane & Myers argues Peredia's after-hours text messages to Pacheco do not qualify as work because she was merely venting about the day's events.  Peredia clocked out at 8:15 p.m. ECF No. 44-2 at 88.  However, at 9:44 p.m. Peredia texted Pacheco, "I just found that he has like 5 other facebooks should I send that too."  At 9:45 she texted, "Ok I'll send the other ones then. Hopefully it is him lol." ECF No. 44-2 at 102.  A reasonable jury could find these texts indicate Peredia continued working after clocking out, which Kane & Myers did not factor into the overtime calculations.  Viewing the facts in the light most favorable to Peredia, there is a genuine issue of material fact that Kane & Myers' payment did not account for her overtime worked on September 22, 2022 and was therefore insufficient.

> 3. <u>Peredia received bonuses that may be construed as production bonuses and therefore should have been factored into the rate for calculating overtime.</u>

The FLSA calculates overtime as one and one-half times the worker's regular rate. 29 USC § 207(a)(1).  The regular rate does not include "sums paid as gifts; payments in the nature of gifts made at Christmas time or on other special occasions, as a reward for service, the

amounts of which are not measured by or dependent on hours worked, production, or efficiency." *Id.* § 207(e)(1).  The regular rate also does not include sums "paid in recognition of services performed during a given period if . . . both the fact that payment is to be made and the amount of the payment are determined at the sole discretion of the employer at or near the end of the period and not pursuant to any prior contract, agreement, or promise causing the employee to expect such payments regularly." *Id.* § 207(e)(3).

      Peredia argues that both the gift cards and the quarterly bonus program should affect her regular rate for the purpose of calculating overtime.  Kane & Myers argues that because the gift cards were gifts and the quarterly bonus program was discretionary, neither should affect Peredia's regular rate.  Kane & Myers gave Peredia two $50 gift cards to "make up for" 7.68 hours of overtime she worked in the previous pay period. ECF Nos. 44-1 at 5; 44-2 at 108.  Given the specific amount of overtime hours (7.68), these gift cards appear to be payment for service that was not previously compensated.  However, it is not clear as a matter of law at this stage whether the cards were a discretionary gift for the services she performed or dependent on the 7.68 hours of overtime she worked in the prior pay period.

      The quarterly bonus program determines bonuses "by the success of the team as a whole." ECF No. 44-2 at 113.  Kane & Myers points to 29 C.F.R. § 778.211(b), which states a bonus is excluded from the regular rate where the employee has "no contract right" to it and the "bonus is determined by the employer without prior promise or agreement."  Kane & Myers argues that the quarterly bonus program is not based on Peredia's productivity but depended on only the two attorneys' bonuses, and Peredia therefore could not expect a bonus.  However, § 778.211(c) states that bonuses which induce employees to work more steadily, more rapidly, or more efficiently, including individual or group production bonuses, must be included in the

regular rate of pay.[7]  A reasonable jury could find that a bonus program determined by "the success of the team as a whole" is a group production bonus that induces staff to work harder in supporting their team's attorneys. ECF No. 44-2 at 113.  Therefore, I cannot find as a matter of law that the quarterly bonus program is a discretionary bonus that should not be included in the regular rate of pay.

Viewing the facts in the light most favorable to Peredia, there are genuine issues of material fact whether Kane & Myers' payment was insufficient because it did not include the gift cards and bonus program payments in the regular rate of pay when calculating overtime.

### 4. I do not consider Peredia's arguments regarding interest calculations and attorney fees.

Peredia raises arguments regarding interest calculations and attorney fees for the first time in her response to Kane & Myers' renewed motion to dismiss.  I am treating Kane & Myers' motion as a supplemental brief, so it could not (and did not) reply to Peredia's arguments.  Therefore, I will not consider these arguments. *C.f. Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").  Even if I considered these arguments, it would not change the outcome because I find a genuine issue of material fact exists on other grounds.

### III. CONCLUSION

I THEREFORE ORDER that Peredia's motion to strike **(ECF No. 48) is DENIED as moot.**

////

---

[7] Neither party referred to 29 C.F.R. § 778.211(c) in their briefs, and I do not rule how it should apply at this stage.  Rather, I merely hold that Kane & Myers has not met its burden to show that the bonuses should not be included in the regular rate as a matter of law.

8

I FURTHER ORDER that Kane & Myers' motion to dismiss **(ECF No. 43) is DENIED.**

DATED this 17th day of December, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE