Jason Kuller, NV Bar No. 12244
Robert Montes, Jr., CA Bar No. 159137
(*pro hac vice*)
Ciara Alagao, NV Bar No. 16789
**RAFII & ASSOCIATES, P.C.**
1120 N. Town Center Dr., Ste. 130
Las Vegas, Nevada 89144
Telephone: 725.245.6056
Facsimile: 725.220.1802
Email: jason@rafiilaw.com
Email: robert@rafiilaw.com
Email: ciara@rafiilaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHELLE PEREDIA, on behalf of herself and all others similarly situated,<br><br>                              Plaintiff,<br>          v.<br><br>KANE & MYERS, PLLC, et al.,<br><br>                              Defendants. | Case No.   2:23-cv-02132-APG-MDC<br><br>**PLAINTIFF'S MOTION FOR EXTENSION OF TIME PURSUANT TO FRCP 6(b)(1)(B) RE: PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [ECF NO. 69]**<br><br>**(SECOND REQUEST)** |

Plaintiff Michelle Peredia, on behalf of herself and all others similarly situated, by and through her attorneys of record, Rafii & Associates, P.C., hereby moves the Court to extend the deadline for Plaintiff to reply in support of her Motion for Leave to File First Amended Complaint (ECF No. 69) up to and including today, **June 19, 2026**. Plaintiff's reply was filed earlier today at approximately 3:52 p.m. (*See* ECF No. 77 ("Reply").)  Following a stipulated extension (ECF Nos. 75, 76), Plaintiff's Reply was due to be filed last Friday on June 12, 2026. Due to an unforeseen medical event, undersigned Plaintiff's counsel was unable to complete the Reply last week on June 12, 2026, and did not return to work until two days ago on Wednesday, June 17, 2026.  Counsel was unable to resume work on the Reply until yesterday and, despite working diligently, did not finalize and file the Reply until today.  Defendant's counsel indicated that they would not oppose Plaintiff's motion to extend the deadline for the Reply.

This is Plaintiff's second request for an extension of the Reply deadline, and the first by motion.  On June 4, 2026, Plaintiff filed a joint stipulation to extend the filing deadline for Plaintiff's

Reply until June 12, 2026 (ECF No. 75), which the Court granted on June 9, 2026 (ECF No. 76). This Motion is based on the following memorandum of points and authorities, the supporting Declaration of Jason Kuller ("Kuller Dec.") filed concurrently herewith, all matters upon which judicial notice may be taken, any argument or evidence as may be presented to the Court at or before the time of its decision, and upon such other matters the Court deems just or necessary.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    LEGAL STANDARD

Federal Rule of Civil Procedure 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." *Accord* LR IA 6-1(a) ("A request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect.").

In determining whether neglect is "excusable," federal courts apply the four-factor test established by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  These factors include: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.*  It is within a trial court's sound discretion to determine whether to grant an extension of time.  *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2012). As shown below, good cause exists for the requested extension of time based on excusable neglect.

### II.    PROCEDURAL BACKGROUND

Plaintiff's Motion was filed on April 30, 2026 (ECF No. 69).  Defendants' response was originally due to be filed on May 14, 2026, but Defendants were granted a two-week extension by stipulation of the parties up to and including May 28, 2026 (ECF No. 73).  Plaintiff's Reply was originally due to be filed on June 4, 2026, which was extended to June 12, 2026, by stipulation of the parties.  (*See* ECF Nos. 75, 76.) By this Motion, Plaintiff seeks an additional extension of 4 days, 15 hours, and 52 minutes (excluding weekends) due to an unforeseen medical event. (Kuller Dec.

¶¶ 5-11.) Defendants have indicated that they will not oppose this Motion. (*Id*. ¶ 9.)

### III.   ARGUMENT

As explained by this court in *Fed. Nat'l Mortg. Ass'n v. Canyon Willow Owners Ass'n*:

> Excusable neglect is an elastic concept that is determined by considering, *inter alia*: the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

No. 2:16-CV-00203-JCM-CWH, 2017 WL 2733776, at *1 (D. Nev. Jan. 17, 2017) (quoting *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (internal quotation marks omitted) (alteration added)).  A federal court will grant Rule 6(b)(1)(B) motions based on a demonstration of excusable neglect when, as here, the non-movant "suffered little prejudice", the movant "did not act in bad faith", and "the delay…is not substantial".  *Id*.

Applying the *Pioneer* factors demonstrates that counsel's delay constitutes excusable neglect. First, there is minimal danger of prejudice to Defendants. Defendants have already filed their response, no oral argument or decision date has been disturbed, and Defendant has agreed not to oppose this Motion.  (Kuller Dec. ¶ 9.) Second, the length of the delay—four court days, 15 hours, and 52 minutes—is less than a week and should have little impact on the judicial proceedings or the overall case schedule. Third, the reason for the delay justifies the relief requested.  Here, the determinative factor was a medical event outside counsel's control. (*See* Kuller Dec. ¶ 7.)  Finally, counsel acted diligently and in good faith to file Plaintiff's Reply as soon as physically possible. (*See id*. at ¶¶ 5-12.)

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court find excusable neglect and grant the requested extension until June 19, 2026, at 3:52 p.m.

I certify that Artificial Intelligence was not used to prepare the foregoing document.

DATED: June 19, 2026                    **RAFII & ASSOCIATES, P.C.**

/s/ Jason Kuller
JASON KULLER
*Attorneys for Plaintiffs*

-3-

## CERTIFICATE OF SERVICE

I hereby certify that on the date shown file stamped above, I served a true and correct copy of the foregoing pleading on all registered parties with the Court's electronic filing system.

/s/ Jason Kuller
Jason Kuller
Of Counsel
RAFII & ASSOCIATES, P.C.
1120 N. Town Center Dr., Suite 130
Las Vegas, Nevada 89144
Tel:  (725) 245-6056
Fax: (725) 220-1802
jason@rafiilaw.com

IT IS SO ORDERED. The Motion is GRANTED nunc pro tunc.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
Dated: 7-6-26