**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Michelle Peredia,<br>Plaintiff(s),<br>vs.<br>Kane & Myers, PLLC., et al.,<br>Defendant(s). | 2:23-cv-02132-APG-MDC<br>**ORDER GRANTING MOTION TO AMEND COMPLAINT (ECF No. 69)** |

Plaintiff filed a *Motion for Leave to Amend the Complaint*. *ECF No. 69*. The Court **GRANTS** the Motion.

## I. BACKGROUND

This is a wage and hour case. The parties stipulated to amend the deadline to amend pleadings to April 30, 2026, which the Court granted. *ECF No. 67*. The plaintiff filed her Motion on the new stipulated amendment deadline. *ECF No. 69*. Plaintiff argues that she seeks leave to amend to clarify the limitations periods for Nevada wage claims and to clarify issues with the operative pleading following removal. *Id. at 1*. Plaintiff attached her proposed amended complaint. *Id. at 7*. Defendants oppose, arguing undue delay, prejudice, and futility. *ECF No. 74*. Defendants argue that plaintiff's proposed amendment is futile as to the previously dismissed individual defendants and references to NRS 608.140. *ECF No. 74 at 1–2, 4–11*. Plaintiff argues in the reply that there is no undue delay because she moved to amend on the stipulated amendment deadline. *ECF No. 77 at 2*. Plaintiff also argues that the futility arguments are improper because the defendants ask the Court to resolve disputed factual questions. *Id.*

## II. DISCUSSION

### A. Legal Standard

"[A] party may amend its pleading only with the opposing party's written consent or the

court's leave." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

"Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp*., 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc*., 2015 U.S. Dist. LEXIS 141867, 2015 WL 6123202, at 2 (D. Nev. Oct. 16, 2015); citing to *In re Dynamic Random Access Memory (DRAM) Antitrust Litig*., 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

**B. Analysis**

There is no bad faith here. There is also no undue delay because the plaintiff filed his motion before the amendment deadline expired. The defendants will not be prejudiced by the amendment because the proposed defendants and allegations are closely related to the claims in the operative complaint. While the defendants oppose plaintiff's amendment on futility grounds, the Court finds that futility is better addressed in a Motion to Dismiss. Plaintiff has shown good cause to amend the complaint.

//

//

**IT IS ORDERED:**

1. Plaintiff's *Motion for Leave to Amend the Complaint* (ECF No. 69) is **GRANTED.**

2. Plaintiff **MUST** file the amended complaint on the docket within one week of this order.

DATED: August 4, 2026.

_________________________
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge