JASON KULLER
Nevada Bar No. 12244
ROBERT MONTES, JR. (*pro hac vice*)
California Bar No. 159137
**RAFII & ASSOCIATES, P.C.**
1120 N. Town Center Dr., Ste. 130
Las Vegas, Nevada 89144
Phone: 725.245.6056
Fax: 725.220.1802
jason@rafiilaw.com
robert@rafiilaw.com

*Attorneys for Plaintiff*

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHELLE PEREDIA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>KANE & MYERS, PLLC, d/b/a and a/k/a THE702FIRM; MICHAEL KANE, an individual; BRADLEY MYERS, an individual; JOEL HENGSTLER, an individual; TAMARA J. HARLESS, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:23-cv-02132-APG-MDC<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY AND OTHER CASE-RELATED DEADLINES**<br><br>**[FOURTH REQUEST]** |

Plaintiff MICHELLE PEREDIA ("Plaintiff"), on behalf of herself and all others similarly situated ("Putative Members"), and Defendants KANE & MYERS, PLLC d/b/a and a/k/a THE702FIRM, MICHAEL KANE, BRADLEY MYERS, JOEL HENGSTLER, TAMARA HARLESS (collectively "Defendants"), by and through their undersigned counsel of record, hereby submit the following Stipulation to Extend Discovery and Other Case-Related Deadlines in accordance with LR IA 6-1 and LR 26-3.

This is the fourth request to extend the deadlines in the scheduling order (ECF Nos. 42, 67, 72, 82), and both parties submit that the request is brought in good faith, supported by good cause in

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

compliance with LR 26-3, is submitted at least twenty-one (21) days or more before the expiration of the subject deadlines.

**A. INTRODUCTION**

For background, on November 22, 2023, Plaintiff filed her complaint against Defendants in the Eighth Judicial District Court for the State of Nevada, alleging unpaid wages on behalf of herself and similarly situated individuals under the FLSA and Nevada law. ECF No. 1. Defendants removed the action to federal court and filed a motion to dismiss on January 3, 2024. ECF No. 6. On September 4, 2024, the Court granted in part and denied in part Defendants' Motion to Dismiss. ECF No. 31. In pertinent part, Defendants raised an argument as to whether tender futility moots Plaintiff's claims. ECF No. 6, at 6-10. The Court declined to rule on this issue, and thus denied Defendants' motion in part on this basis, but invited the parties to renew briefing on the issue after they conducted limited discovery that would facilitate the parties' renewed briefing. ECF No. 31. The Parties filed renewed briefing on the tender issue.

On December 17, 2025, the Court issued a decision on the parties' renewed briefing. ECF No. 61. The parties received notice of the Court's decision on December 18, 2025. Thus, discovery began in earnest on the pre-certification motion issues in early 2025. ECF No. 67. Plaintiff's Motion for Circulation of Notice was filed on September 14, 2026. ECF No. 91.

On April 30, 2026, Plaintiff filed a Motion to Amend to assert a First Amended Complaint. ECF No. 69. Plaintiff's Motion to Amend was granted on August 4, 2026 (ECF No. 83), and filed on August 11, 2026. ECF No. 84. Defendants filed a Motion for Protective Order on August 25, 2026 (ECF No. 86), and a Partial Motion to Dismiss Plaintiff's First Amended Complaint on August 28, 2026. ECF No. 88. The Motion for Protective Order was granted on September 15, 2025. ECF No. 93. Plaintiff's Opposition to Defendants' Partial Motion to Dismiss was filed on September 25, 2026. ECF No. 96.

The Parties received guidance from the Court on previous discovery issues, referenced in the Joint Stipulation Regarding Discovery Disputes. ECF No. 80. The Parties have been engaging in discovery; however, depositions have not been completed due to scheduling issues and the then-pending motion for protective order. Plaintiffs have also filed their Motion for Circulation of Notice

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

for the FLSA Claims [ECF 91], which the parties are in the process of briefing. Given these recent developments, the parties wish to extend certain deadlines.

**B. DISCOVERY COMPLETED TO DATE (LR 26-3(a))**

1. The parties conducted the FRCP 26(f) and LR 26-1(a) conference on March 13, 2025.

2. Plaintiff and Defendants served their initial disclosures on February 16, 2024 and November 8, 2024, respectively.

3. Plaintiff served her first supplemental disclosures on December 6, 2024, second supplemental disclosures on July 15, 2025, and third supplemental disclosures on August 31, 2026. Defendants served its first supplemental disclosures on December 10, 2024, second supplemental disclosures on December 12, 2024, third supplemental disclosures on January 14, 2025, fourth supplemental disclosures on June 26, 2026, fifth supplemental disclosures on July 9, 2026, sixth supplemental disclosures on July 17, 2026, and seventh supplemental disclosures on October 2, 2026. Defendants also served its first supplemental privilege log on July 9, 2026, second supplemental privilege log on July 17, 2025, and third supplemental privilege log on October 2, 2026.

4. Defendant served its first set of interrogatories, first set of requests for production of documents, and first set of requests for admission on May 23, 2025. Plaintiff Peredia served her discovery responses on July 21, 2025. Plaintiffs Lazalde and Najera-Garcia served their responses on June 12, 2026.

5. Plaintiff Peredia served her first set of interrogatories, first set of requests for production of documents, and deposition notices of Defendants' FRCP 30(b)(6) designee(s), Michael Kane, Bradley Myers, Joel Hengstler, and Tamara Harless.

6. Defendant served deposition notices of Plaintiff on May 18, 2026.

7. The parties then communicated and decided to coordinate dates on depositions rather than conducting the depositions on the unilaterally noticed dates. As such, the parties vacated the depositions on or around June 17, 2026.

8. Defendant served its discovery responses, along with the aforementioned fourth supplemental disclosures, to Plaintiff Peredia on June 26, 2026.

9. The parties met and conferred on written discovery and the scheduling of depositions

and submitted a stipulation regarding discovery disputes on July 8, 2026, which the Court responded to by granting in part and denying in part on August 12, 2026. ECF No. 85.

**C. DISCOVERY AND OTHER PROCEEDINGS REMAINING TO BE COMPLETED (LR IA 6-1 and LR 26-3(b))**

The parties anticipate completing the following discovery:

1. Depositions of the Plaintiff and two Opt-In Plaintiffs;
2. Depositions of the FRCP 30(b)(6) witness and individual witnesses of Defendants;
3. Potential depositions of witnesses, such as Defendants' former employees;
4. Disclosure of Rebuttal Experts; and
5. Additional written discovery as needed.

The parties anticipate filing the following motions based upon the completion of the above discovery:

1. Plaintiff's Motion for Class Certification (and Defendants' Opposition) under Nevada law; and
2. Additional pleadings as needed.

**D. GOOD CAUSE FOR THE REQUESTED EXTENSION (LR IA 6-1 and LR 26-3(c))**

Federal Rule of Civil Procedure 16(b)(4) permits modification of a scheduling order upon a showing of good cause and with the Court's consent. Local Rule 26-3 similarly requires a showing of good cause and requires a request to extend a discovery plan deadline to identify discovery completed, specifically describe the discovery remaining, explains why the discovery could not be completed within the existing schedule, and propose a schedule for completing the remaining discovery.

The parties have acted diligently under the existing Scheduling Order. The parties exchanged initial disclosures, multiple supplements, propounded written discovery, produced documents, and continued evaluating the claims and defenses. Written discovery and documents have been exchanged between the parties, including Plaintiff's requests for admission, as well as interrogatories and requests for production of documents from both parties. Both parties have produced 100's of documents. Additional time will allow the parties to work through any discovery issues that arise and supplement responses and documents where possible.

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

Good cause exists because the parties are actively engaged in discovery, but require additional time despite their diligent efforts to complete discovery. The parties are attempting to schedule depositions; however, there have been scheduling conflicts. Defendants recently filed a Partial Motion to Dismiss and Plaintiff recently filed a Motion for Circulation of Notice, requiring extra briefing before the Court. Extending the deadline will allow the parties to complete the outstanding discovery and ensure a completion of the record to eliminate or significantly narrow any issues and broaden the opportunity for settlement before trial. The parties believe that 90 days should be sufficient to resolve scheduling conflicts, take the depositions, and name experts.

**E. PROPOSED SCHEDULE (LR IA 6-1 and LR 26-3(c))**

| Description | Prior Deadline | **Proposed Deadline** |
|---|---|---|
| Last Day to Disclose Rebuttal Experts | November 3, 2026 | **December 31, 2026** |
| Last Day to Complete Discovery | November 30, 2026 | **March 1, 2027**[1] |

**[THE REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK.]**

[1] *This date is subject to change depending upon the Court's ruling on the certification issues.*

| Description | Prior Deadline | **Proposed Deadline** |
|---|---|---|
| Last Day to File Dispositive Motions on Currently Alleged Claims | December 29, 2026 | **March 31, 2027** |
| Last Day for Plaintiff to File Motion for Class Certification | December 29, 2026 | **March 31, 2027** |
| Last Day to File Joint Pre-Trial Order | January 29, 2027 (or thirty (30) days after a ruling on any dispositive motions) | **April 30, 2027 (or thirty (30) days after a ruling on any dispositive motions)** |

**IT IS SO STIPULATED.**

Dated this 8th day of October, 2026.

**RAFII & ASSOCIATES, P.C.**

/s/ Robert Montes, Jr.______________________
Jason Kuller, Esq.
NV Bar No. 12244
Robert Montes, Jr., Esq. (*Pro Hac Vice*)
CA State Bar No. 159137
Ciara Alagao, Esq.
NV Bar No. 16789
1120 N. Town Center Dr., Ste. 130
Las Vegas, Nevada 89144

*Attorneys for Plaintiff*

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

/s/ Sheri M. Thome (with permission)______
Sheri M. Thome, Esq.
NV Bar No. 008657
Holly E. Walker, Esq.
NV Bar No. 014295
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, Nevada 89119

*Attorneys for Defendants*

**ORDER**

IT IS SO ORDERED:

______________________________
UNITED STATES MAGISTRATE JUDGE

Dated: 10-15-26





RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS